UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDONY WALDEMAR CALDERON GRAMAJO,**<br><br>Petitioner,<br><br>v.<br><br>**PAM BONDI, et al.,**<br><br>Respondents. | Civil Action No. 25-17321 (RK)<br><br>ORDER |

Petitioner has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He is a citizen of Guatemala and has been detained at Delaney Hall in Newark, New Jersey since his arrest by Immigration and Customs Enforcement ("ICE") on November 1, 2025. (ECF No. 1 at ¶ 1.) Petitioner allegedly entered the United States in 1997 and has not left the country since that time. (*Id.* at ¶ 9.) He was issued a Notice to Appear ("NTA") at the time of his arrest and is currently in removal proceedings in Newark. (*Id.* at ¶¶ 12, 15; *see* NTA at p. 10.) Petitioner alleges that Respondents have denied him a bond hearing due to a new Department of Homeland Security ("DHS") policy which interprets 8 U.S.C. § 1225(b)(2)(A) to require the mandatory detention of all noncitizens who were not admitted or inspected when they entered the United States. (*See id.* at ¶¶ 11, 13.) He seeks a temporary stay to prevent his transfer out of this District while his Petition is pending (Petition at ¶ 1) and an individualized bond hearing under 8 U.S.C. § 1226(a).[1] (*See id.* at p. 6.)

---

[1] Although he has no active warrants, Petitioner has two convictions for DUI in New Jersey. (*Id.* at ¶ 16.)

The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rules") and finds that it is not subject to dismissal prior to the answer.  Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), the Court grants Petitioner's request to stay his transfer from this District and temporarily enjoins Respondents from transferring Petitioner out of this district during the pendency of this case.[2]  In this regard, Petitioner is detained at Delaney Hall, and the Warden of Delaney Hall is his immediate custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").  The Court also directs the Clerk to add the Warden of Delaney Hall to the docket as a Respondent.

**IT IS**, on this __21st__ day of November 2025;

**ORDERED** that pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a), the Court **GRANTS** Petitioner's request to stay his transfer during the pendency of this matter;

**RESPONDENTS are temporarily ENJOINED from transferring Petitioner out of this District while the matter is pending;** and it is further

---

[2] As of November 21, 2025, the ICE detainee locator indicates that Petitioner is detained at Delaney Hall.  *See* ICE Detainee Locator, available at https://locator.ice.gov/odls/#/results (last visited November 21, 2025). Courts in this district and around the country have used their inherent authority under the All Writs Act to enjoin the transfer or removal of noncitizens while their habeas petitions are pending.  *See Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2476524, at *8 (D.N.J. Aug. 28, 2025); *see also Arostegui-Maldonado v. Baltazar*, --F. Supp.3d --, No. 25-cv-2205, 2025 WL 2280357, at *16 (D. Colo. Aug. 8, 2025) (relying on the All Writs Act to enter an injunction preventing immigration detainee's transfer out of the District of Colorado during the pendency of his habeas action); *Abrego Garcia v. Noem*, No. 8:25-cv-00951, 2025 WL 2062203, at *6 (D. Md. Jul. 23, 2025) (relying on the All Writs Act to limit petitioner's transfer to three nearby districts).  This Court likewise relies on its inherent authority under the All Writs Act to preserve the status quo until this matter may be heard on the merits.

**ORDERED** the Court directs the Clerk of the Court to add Warden of Delaney Hall as a Respondent and serve a copy of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 14 days, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:
"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed; it is further

**ORDERED** that, within 3 days after any change in Petitioner's custody or immigration status (be it release, transfer, or otherwise) <u>at any time during the pendency of this case,</u> Respondents shall electronically file a written notice of the same with the Clerk of the Court.

_____
ROBERT KIRSCH
United States District Judge

4